SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. HERMANN, OSB #126353**
Assistant United States Attorney
Nicole.Hermann@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**ENMA ESTELA ARTEAGA PALMA,**

**Defendant.**

**3:25-cr-00283-001-MTK**

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant comes before the Court after pleading guilty to possession with the intent to distribute fentanyl. Based on defendant's role in distributing fentanyl in Portland, and consistent with the plea agreement, the government recommends a sentence of 21 months of imprisonment, followed by a five-year term of supervised release, and a $100 fee assessment.

## I. The Offense Conduct

In May 2025, DEA received information from a confidential source regarding a new contact number for a Portland area source of fentanyl. PSR ¶ 19. Using the information provided

by the source, DEA investigators arranged a controlled purchase of fentanyl with the user of the newly obtained phone number. *Id*. During controlled purchases in May and into early June 2025, DEA investigators identified two women who arrived to complete the transactions, defendant and her co-defendant. PSR ¶ 22. During the course of the investigation, investigators identified vehicle(s) and a residence used by defendant and her co-defendant. PSR ¶¶ 22 -23. On June 12, 2025, investigators executed a search warrant at defendant's shared apartment. PSR ¶ 24. Inside a bedroom determined to be shared by defendant and her co-defendant, investigators located approximately 755 gross grams of fentanyl powder packaged in varying quantities and seized $66,019 in U.S. currency. PSR ¶ 25. The defendant was later interviewed and admitted that she had distributed fentanyl in the Portland area.

## II. The Charges & Guilty Plea

Defendant was initially charged by federal complaint on June 13, 2025. ECF No. 1. Defendant made her first appearance on the complaint on June 16, 2025. ECF No. 7. On July 1, 2025, a federal grand jury returned a two-count indictment charging defendant with Conspiracy to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(vi). ECF No. 15. On May 6, 2026, defendant pled guilty to Count 2, Possession with Intent to Distribute Fentanyl. ECF No. 65.

## III. Guideline Computations

The government agrees with the computations as outlined in the PSR. The parties agree that defendant's base offense level is 30 under USSG §2D1.1(a)(5)(A). PSR ¶ 32. Although the parties and PSR agree that a mitigating role reduction pursuant to USSG §3B1.2 applies, such a

reduction does not affect the base offense level under USSG §2D1.1(a)(5)(B), which remains at 30. PSR ¶ 32.

As outlined in the plea agreement letter, the parties agree that defendant was a minimal participant and therefore that a mitigating role adjustment is applicable. ECF No. 63. The parties further agree with the PSR that a four-level adjustment for role as a minimal participant under USSG §3B1.2(a) applies. PSR ¶ 35.

The parties further agree that defendant meets the criteria set forth in USSG §5C1.2(a)(1)-(5) and is eligible for a two-level safety valve reduction under USSG §2D1.1(b)(18). PSR ¶ 33.

Defendant has no criminal history points and receives a criminal history score of zero; as a result, she is eligible for an additional two-level reduction under USSG §4C1.1(a) as a zero-point offender. PSR ¶ 38.

Defendant's timely plea of guilty demonstrates that she fully admits and accepts responsibility under USSG §3E1.1 for her unlawful conduct in this case, which is reflected in a three-level adjustment for acceptance of responsibility. PSR ¶¶ 39 – 40.

The government does recommend an additional three-level reduction in defendant's offense level for the early resolution of her case pursuant to the plea agreement. ECF No. 63, ¶ 10; PSR ¶ 90.

Finally, the government agrees with Probation that defendant scores zero criminal history points, placing her in CHC I. PSR ¶ 45.

In summary, the government made the following calculations in determining the defendant's total offense level:

| Enhancement | Government's Position |
|---|---|
| Base Offense Level —<br>USSG § 2D1.1(a)(5)(A) and (B)(i) | 30 (not contested) |
| Mitigating Role Adjustment —<br>USSG § 3B1.2(a) | - 4 (not contested) |
| "Safety Valve" Criteria —<br>USSG § 2D1.1(b)(18) | - 2 (not contested) |
| Acceptance of Responsibility —<br>USSG § 3E1.1 | - 3 (not contested) |
| Certain "Zero-Point" Offenders —<br>USSG § 4C1.1 | - 2 (not contested) |
| 18 U.S.C. § 3553(a) — | - 3 (early resolution, not contested) |
| **Total Offense Level** | **16** |
| **Criminal History Category** | **I (PSR ¶ 45)** |
| **Resulting Guideline Range** | **21 – 27 months** |

## IV. Government's Sentencing Recommendation

Defendant appears in federal court for the first time for her role in the trafficking of over 750 gross grams of fentanyl in the greater Portland metro area. As identified by the parties' agreement regarding a minimal participant role, defendant was not the leader or organizer of the organization, nor was she operating the phones, instead acting in a delivery capacity with her co-defendant. The government recognizes that defendant has no criminal history; however, defendant's involvement in the distribution of fentanyl was direct and the amount of fentanyl in her and her co-defendant's possession, along with the very large sum of cash, was significant. The guidelines outlined above already recognize the defendant's record and willingness to take accountability and resolve her case. The government believes a low-end guidelines sentence is therefore appropriate, and further reductions in the sentence are not warranted.

The government recommends a low-end guidelines sentence of 21 months of imprisonment. The government's sentencing recommendation is appropriate to hold defendant

accountable for her actions, promote respect for the law, act as a deterrent, and provide just punishment for the offense. Most importantly, this sentence would protect the community from this offender for the foreseeable future.

## V. Forfeiture

There are no outstanding forfeiture matters to resolve. All property seized in this case has already been resolved through administrative forfeiture.

## VI. Conclusion

Based on the foregoing, the government recommends that the Court impose a sentence of 21 months' imprisonment, followed by a 5-year term of supervised release, subject to the mandatory, standard, and special conditions proposed by the Probation Office, and a $100 statutory special assessment fee.

Dated: November 13, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Nicole M. Hermann*
NICOLE M. HERMANN, OSB #126353
Assistant United States Attorney